IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  DANIEL DWIGHT ROLLINS,  Defendant. | ORDER & MEMORANDUM DECISION  Case No. 2:04CR747 TC |

The Federal Grand Jury for the District of Utah has charged Daniel Dwight Rollins with knowing possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and knowing possession of a firearm by an unlawful user of controlled substances under 18 U.S.C. § 922(g)(3). This matter is before the court on Mr. Rollins' motion for reconsideration of the court's July 18, 2005 Order denying his motion to suppress.

## ANALYSIS[1]

Mr. Rollins has argued that, in denying his motion to suppress, the court erred in finding that Mr. Rollins was not arrested until he was seated on the bed in the hotel room and placed in handcuffs and also erred in its application of Terry v. Ohio, 392 U.S. 1 (1968), to an encounter in a hotel room.

---

[1] The court fully addressed the facts of this case in its July 18, 2005 Order and only revisits the facts as necessary to explain this Order.

Mr. Rollins relies on Moran v. United States, 404 F.2d 663 (10th Cir. 1968) to argue that he was arrested upon the officers' entry into the hotel room rather than sometime after when he was placed in handcuffs and that the search incident to lawful arrest was triggered at that time. Specifically, Mr. Rollins argues that the court found that Mr. Rollins was not free to leave upon the officers' entry into the hotel room and under Moran, if "a suspect is interrupted and his liberty of movement restricted by the arresting officers, then arrest is complete." Moran, 404 F.2d at 666 (citing Henry v. United States, 361 U.S. 98 (1959)).[2]

Without specifically addressing the applicability of Moran to the facts of this case, the court notes than in the 35 years since Moran the courts of the United States have extensively addressed the wide range of police-citizen encounters and more clearly defined what constitutes a custodial arrest for the purpose of a search incident to arrest. The progeny of Terry v. Ohio, have delineated and categorized the various types of encounters to establish when an encounter converts from a consensual encounter into a detention, and from a detention into an arrest. As explored in the court's previous Order: "The determination of whether an individual is detained pursuant to a valid investigatory stop or is actually under arrest must be based upon the facts of the case." United States v. Muldrow, 19 F.3d 1332 (10th Cir. 1994); United States v. Acosta-Colon, 157 F.3d 9, 15 (1st Cir. 1998); Washington v. Lambert, 98 F.3d 1181, 1185 (9th Cir. 1996). Applying relevant and recent case law, this court has already determined when Mr. Rollins was arrested triggering the search incident to lawful arrest of the hotel room and sees no reason to reconsider that analysis at this time.[3]

---

[2] The court notes that Mr. Rollins has cited to other cases with holdings similar to that of Moran. Because Moran is the most recent of those cited cases, the court restricts its analysis to that decision.

[3] The court, again, notes that even if Mr. Rollins was arrested at the doorway to his hotel room: "Generally, a limited, warrantless search of a motel room incident to the lawful arrest of

Mr. Rollins also now asserts that the court's application of a Terry analysis to an encounter in a hotel room was inappropriate. In support, Mr. Rollins has referred the court to the language of United States v. Washington, 387 F.3d 1060 (9th Cir. 2004). The court in Washington wrote:

> [The Supreme Court] has never expanded Terry to allow a Terry-stop at an individual's home. Indeed, Terry'r twin rationales for a breif investigatory detention – the evasive nature of activities police observe on the street and the limited nature of the intrusion appear to be inapplicable to an encounter at a suspect's home. . . . [O]fficers who know where a suspect lives have the opportunity to investigate until they develop probable cause, all the while knowing where to find the suspect.

Washington, 387 F.3d at 1067-68 (9th Cir. 2004) (citations omitted). Here, the issue was when Mr. Rollins was arrested, not the validity of a Terry stop. Additionally, the rationale used by the Ninth Circuit is inapplicable. In this case, the officers were pursuing a particular individual for whom they possessed an arrest warrant. The officers did not know the identity of Mr. Rollins or whether he would remain at the hotel pending completion of their investigation. The statement quoted from Washington is inapplicable to the facts of this case.

Despite Mr. Rollins' contention that there is no authority supporting the use of a Terry analysis to an encounter in a hotel room or a home, he fails to suggest an alternative analytical framework. Mr. Rollins' reliance on Moran and Washington, is insufficient to convince the court that reconsideration of its July 18, 2005 Order is necessary.

---

its occupants is permissible." United States v. Burns, 624 F.2d 95, 101 (10th Cir. 1980) (citing United States v. Pollard, 466 F.2d 1, 4 (10th Cir. 1972)). An arrest in the doorway of a hotel room justifies a search of the entire room. Burns, 624 F.2d at 101.

## ORDER

Accordingly, Mr. Rollins' motion for reconsideration is DENIED.

DATED this 17th day of August, 2005

> BY THE COURT:
>
> *Tena Campbell*
>
> TENA CAMPBELL
> United States District Judge